Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT

MIDDLE for the ~~GEORGIA~~ District of OCALA

~~FLORIDA~~ Division

ANTWION KENNETH ~~MIDDLE~~ MILLS

Plaintiff(s)

(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)

-v-

OCALA POLICE DEPARTMENT

Defendant(s)

(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here.)

Case No. 5:24-CV-29 PGB PRL

(to be filled in by the Clerk's Office)

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name: KENNETH MILLS
All other names by which you have been known: ANTWION
ID Number: 0096835
Current Institution: MARION County Sheriff Office
Address: 8290 NW 1st St
Ocala, FL
City / State / Zip Code

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1
Name: Ocala Police Department
Job or Title (if known):
Shield Number:
Employer:
Address: Pine Ave (SW)
Ocala, FL 34475
City / State / Zip Code
☐ Individual capacity  ☒ Official capacity

Defendant No. 2
Name:
Job or Title (if known):
Shield Number:
Employer:
Address: N/A
City / State / Zip Code
☐ Individual capacity  ☐ Official capacity

Page 2 of 11

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

Defendant No. 3
    Name
    Job or Title *(if known)*
    Shield Number
    Employer
    Address

    _N/A_

    City    State    Zip Code
    ☐ Individual capacity    ☐ Official capacity

Defendant No. 4
    Name
    Job or Title *(if known)*
    Shield Number
    Employer
    Address

    _N/A_

    City    State    Zip Code
    ☐ Individual capacity    ☐ Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.  Are you bringing suit against *(check all that apply)*:

    ☐ Federal officials (a *Bivens* claim)

    ☑ State or local officials (a § 1983 claim)

B.  Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

    _8th AMENDMENT (CRUEL AND UNUSAL PUNISHMENT)_

C.  Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

N/A

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

DEADLY or EXCESSIVE USE of force Tasered for NO APPARENT REASON

### III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- [x] Pretrial detainee
- [ ] Civilly committed detainee
- [ ] Immigration detainee
- [ ] Convicted and sentenced state prisoner
- [ ] Convicted and sentenced federal prisoner
- [ ] Other *(explain)* _____

### IV. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

[illegible] NW 1st S / 9th AVE

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

[illegible scribbled text]

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

C. What date and approximate time did the events giving rise to your claim(s) occur?

3/13/2023   15:43   ANY DEFAULTS IS BECAUSE IM IN JAIL AND CANT GET ACCESS AS NEEDED

D. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)* THE ARRESTING officer USE of fORCE IS EXCESSIVE AND VIOLATE 8th Amendment When it was not applied in an effort to maintain or restore discipline but was used to maliciously and Sadistically cause harm where officer CHIN (6742) IS responsible for unnecessary and wanton infliction of pain SEE ATTACHMENT (RESIST W/O VIOLENCE) ON BODY CAMERA (EVIDENCE)

V. Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive. declaration that the act and omissions described here in violate my right under the Constitution and law of the United States ordering Arrest officer Chin caused pain and suffering (physical) emotional distress (Reckless endangerment I may have a victim something Happening at His home emotional stress some type of trauma with girlfriend Howmever it was may have HAD MY CHARACTER   OCALA.com Aug 18 23

EX Officer CHIN ARREST JULY 2023

VI. Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims. MAKE officer CHIN cease physical Violence pay all medical bills and cause by arrest and $750,000 possible relief from all charges.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## VII. Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☐ Yes
☒ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

N/A

B. Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☐ Yes
☒ No
☐ Do not know

C. Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☐ Yes
☒ No
☐ Do not know

If yes, which claim(s)?

I WROTE Public Defender

# Marion County Sheriff's Office

## BOOKING REPORT - 2300002223 - MILLS, KENNETH ANTWION

Location: FC208B  Total Bond Amount: $750,000.00

| | |
|---|---|
| Statute | 893.147-1  DRUG EQUIP-POSSESS-AND OR USE       Level M   Degree F   Type |

OBTS  4203213313        Booking Case                         Arrest Date/Time  3/13/2023 15:43
Arrest Location NW 1ST S/ NW 9TH AVE                          Arresting Agency ORI FL0420100        ☐ Domestic
Arresting Officer  6742    CHIN                               Arresting Agency Case No. 202300036604
Warrant                Type                    Warrant                           Citation
Other Chargeable Offense         POSSESSION OF DRUG PARAPHERNALIA
End Of Sentence Date: _____   Bond # 4   Bond Amount $50,000.00   Cash        Bond Type SURETY/CASH
Court Case  23CF0982          Court Date 12/11/2023   Judge HERNDON   Court Venue
Disposition PRO SE PTC 2/5/25 830 JUDGE HERNDON CT RM 3D
Comments
Cleared          Cleared Comments

Statute 918.12   OBSTRUCTING JUSTICE-TAMPER WITH JUROR       Level F   Degree T   Type
OBTS  4203213313        Booking Case                         Arrest Date/Time  3/13/2023 15:43
Arrest Location NW 1ST S/ NW 9TH AVE                          Arresting Agency ORI FL0420100        ☐ Domestic
Arresting Officer  6742    CHIN                               Arresting Agency Case No. 202300036604
Warrant                Type                    Warrant                           Citation
Other Chargeable Offense         TAMPERING WITH EVIDENCE
End Of Sentence Date: _____   Bond # 5   Bond Amount $50,000.00   Cash        Bond Type SURETY/CASH
Court Case  23CF0982          Court Date 12/11/2023   Judge HERNDON   Court Venue
Disposition PRO SE PTC 2/5/25 830 JUDGE HERNDON CT RM 3D
Comments
Cleared          Cleared Comments

Statute 843.02   RESIST OFFICER-OBSTRUCT WO VIOLENCE       Level M   Degree F   Type
OBTS  4203213313        Booking Case                         Arrest Date/Time  3/13/2023 15:43
Arrest Location NW 1ST S/ NW 9TH AVE                          Arresting Agency ORI FL0420100        ☐ Domestic
Arresting Officer  6742    CHIN                               Arresting Agency Case No. 202300036604
Warrant                Type     (WHY →)       Warrant                           Citation
Other Chargeable Offense         RESISTING WITHOUT VIOLENCE
End Of Sentence Date: _____   Bond # 6   Bond Amount $50,000.00   Cash        Bond Type SURETY/CASH
Court Case  23CF0982          Court Date 12/11/2023   Judge HERNDON   Court Venue
Disposition PRO SE PTC 2/5/25 830 JUDGE HERNDON CT RM 3D
Comments
Cleared          Cleared Comments

Statute 900.04   CONTEMPT OF COURT-       Level N   Degree N   Type
OBTS  4203213313        Booking Case                         Arrest Date/Time  3/13/2023 23:04
Arrest Location NW 1ST S/ NW 9TH AVE                          Arresting Agency ORI FL0420000        ☐ Domestic
Arresting Officer  MCJ   5697                                 Arresting Agency Case No. MCSO23OFF00590
Warrant F              Type  CRIMINAL        Warrant 2022CF4053AX              Citation
Other Chargeable Offense         ORDER TO REVOKE BOND- POSSESSION OF COCAINE- LESS THAN 28 GRAMS
End Of Sentence Date: _____   Bond # 7   Bond Amount $50,000.00   Cash        Bond Type SURETY/CASH
Court Case  2022CF4053AX      Court Date 10/23/2023   Judge HERNDON   Court Venue
Disposition PRO SE PTC 2/5/25 830 JUDGE HERNDON CT RM 3D
Comments
Cleared          Cleared Comments

I (Kenneth Mills) was riding a bike on N/A street at 10+8 around 3-5 pm o'clock. And I had to come to a stop, which was in someone's yard (Ms. Diane) where I had to wait for cars to pass by me so I can continue riding on the road. That car I was waiting for to pass by me so happens to be OPD. OPD pass by me roded pass 2 streets and begin to turn around, to start following me as I continued riding down the street N/A where I was heading. The OPD got up behind me and turned on the lights. I stopped the bike, and got off the OPD exited their car (2 officers) and one officer (Chin) told me to get off the bike and what was my name. I got off the bike and gave the officer (Chin) my name (Kenneth Mills) so (Chin) radio called my name in and they (Department) radio back (Kenneth Mills) has a warrant out for an arrest. (Chin) then told me (Kenneth Mills) I'm under arrest, and he (Chin) begin to put me (Kenneth Mills) into handcuffs (Chin manage to get 1 of Mills arms into a handcuff) and I (Kenneth Mills) began asking (Officer Chin) what am I under arrest for and at the same time reacted into my pocket to grap something and thru it 30/40 yards away from me watched it hit the ground and the (Officer Chin) told a guy riding a bike trowards it to turn around. Next I know I woke up in the (EMT). Shot with a taser gun. Conclusion I (Kenneth Mills) came up with analyse if officer Chin had time to place one handcuff one me watch me go in my pocket (tampering with Evidence) and throw something watch someone else go near it enstract that person to back up why did he feel necessary to taser me with an unknow officer's name recited in report present to take me down with ease which i's procedure in maintaining custody first if I am under arrest. Tasering me to watch someone not take the items?


**SHERIFF'S OFFICE**
Marion County
**Inmate Request Form**

TO:
- FOOD SERVICES ☐
- LAW LIBRARY ☐
- PROGRAMS ☐
- PROPERTY ☐
- CHAPLAIN ☐
- CANTEEN/INMATE ACCOUNTS ☐
- CLASSIFICATIONS ☐
- PUBLIC DEFENDER ☐
- DISCIPLINARY REPORT APPEALS ☐
- OTHER ☐

FROM (PLEASE PRINT):

_____    _____
(Inmate Name)              (Pin Number)

_____    _____
(Date)                     (Pod/Section/Cell #)

_____    _____
(Received from inmate by Officer Signature and ID #)   (Date/Time)

REQUEST/COMPLAINT:

RESPONSE:

_____    _____
(Response to inmate by Officer Signature and ID #)   (Date/Time)

White Copy - Classification once the response is compiled.
Yellow Copy - Inmate once the response is compiled.
Pink Copy - Inmate after the officer signs the form.

Revised 2/22/10

---

Handwritten statement (visible through reverse side of form):

I (Kenneth Mills) was riding a bike on Ma St around 3-5 o'clock. And I had to come to a stop, which was in someone's yard (Ms. Diana) where I had to wait for cars to pass by me so I can continue riding. That car I was waiting for to pass by me so happens to be OPD. OPD pass by me and was 2 streets ahead, then around, to sta... where I was... OPD got up behind me and turned on the lights. I stopped the bike, and the OPD exited their car (2 officers) and one officer (Chin) told me to get off the bike and what was my name. I got off the bike. The officer (Chin) my name, so (Chin) radio called my name in and they (Department) radio back (Kenneth Mills) has a warrant... then told me (Mills) I'm under arrest. (Chin) began to (try) to put me into handcuffs. (Chin) manage to get 1 of Mills handcuff and I (Kenneth Mills) began asking (officer Chin) what am I under arrest for and at the same time reacted into my pocket to grab something and threw it 30/40 yards away from me. Officer (Chin) told a guy riding a bike watched it hit the ground and the (officer Chin) ... Next I know I woke up in the (EMT). Shot with a taser gun. Conclusion I (Kenneth Mills) come up with analysis if officer Chin had time to place one handcuff one me watch me go in my pocket (tampering with evidence) and throw something watch someone else go near it and instruct that person to back up why did he feel necessary to taser me with an unknown officer's name recited in report present... take... report procedure in his custody first if I am under...

# Ex-Ocala police officer accused of aggravated stalking/dating violence

**Austin L. Miller**
Ocala Star-Banner
USA TODAY NETWORK

A former Ocala police officer was arrested Wednesday on a charge of aggravated stalking (dating violence.)

Natawi Nikquan Chin, 27, had his first appearance hearing Thursday in front of County Judge LeAnn Mackey-Barnes at the county jail.

His attorney, Jimmie Sparrow, asked the judge to release Chin on his own recognizance or at least grant a reasonable bail. The Ocala lawyer said Chin has no criminal history, is not a flight risk, is a public servant, and was fired from his job and therefore has no income. Chin was fired on the day of his arrest.

Sparrow said that as a condition of his bond, Chin would have no contact with the victim or witnesses. Sparrow told the court the victim didn't report the allegations and told him (meaning Chin) that an investigation had been launched against him.

Assistant State Attorney Lillian Rozsa urged the judge to follow the bond schedule. Rozsa said the allegations against Chin are serious — he's accused of threatening to shoot up the victim's residence.

The judge set bail at $5,000. If he posts a bond and is released, she said, the former officer cannot have any contact with the victim, is forbidden to posses any firearms or weapons, is not allowed to go within 500 feet of the victim's residence or work, and can have no contact with her.

"You're held to a higher level," the judge told Chin.

His next court appearance is in September. Prosecutors said that, as is customary, they're reviewing pending cases involving Chin to see if there's anything wrong with them. So far, there has been no indications of any problems.



Sparrow

### Marion County Sheriff's Office investigation

The investigation began late last month when Sgt. Erik Dice of the Marion County Sheriff's Office was given information that Chin sent the victim a threat about shooting up her residence.

Dice spoke with the victim, who described Chin as a former boyfriend. She said Chin has never been physically violent toward her but had been verbally abusive once.

The supervisor was told about an incident where Chin reportedly called and knocked on a window of the victim's home. The victim had a recording of Chin threatening violence, according to an arrest affidavit.

The sergeant spoke with several people about Chin. From the interviews, Dice was told about Chin's behavior, such as threats, toward the victim.

Dice was told that Chin once parked his vehicle not far from the victim's residence and beat on the woman's door and knocked on her window. The sergeant reviewed text messages where Chin said he was monitoring the victim's activities.

Once Dice had received enough information, a warrant was obtained for Chin's arrest. He was suspended with pay on Aug. 2 because of the criminal investigation, according to Chin's police record.

### OPD's statement about Chin

In a statement, Ocala police officials said: "We regret to inform our community about the recent arrest of one of our police officers for aggravated stalking (dating violence). This incident is deeply unfortunate and disappointing."

It continues: "We want to emphasize that such behavior goes against the principles and values of our department, and we do not tolerate any criminal misconduct, especially from those who take an oath to protect and serve. The individual involved has been terminated and is no longer part of our law enforcement agency.

"Rest assured, the Ocala Police Department remains dedicated to upholding the highest standards of professionalism and integrity within its ranks. We are committed to justice and will do everything we can to hold everyone accountable for their actions."

The message concludes with, "We appreciate our community's continued support during this unfortunate circumstance."

### Good reviews

A review of his personnel file shows Chin has received great reviews. One officer said Chin is "a leader," who has a "positive attitude towards himself, the agency, and his career."

Supervisors said Chin is "proactive," and "treats the community with respect and is professional when dealing with citizens and fellow officers."

Said one supervisor, " Officer Chin is the epitome of an Ocala Police Officer. He is non-stop and takes his responsibilities extremely seriously."

He has been awarded commendations.

Chin was given a counseling session about a crash that was characterized by police officials as a minor violation.

Chin was hired in 2021 and selected for the department's SWAT Team earlier this year.

*Contact Austin L. Miller at austin.miller@starbanner.com.*

# Former Police officer cleared of aggravated stalking

**Austin L. Miller**
Ocala Star-Banner
USA TODAY NETWORK

Prosecutors have decided not to file criminal charges against a former Ocala police officer who was arrested and accused of stalking a woman.

Natawi Nikquan Chin had been arrested on a charge of aggravated stalking last month. But in a court filing, the State Attorney's Office said that, during its investigation, officials learned of additional communication between the victim and Chin that left them unable to move forward with the case.

Specifically, the communications refuted assertions that the victim no longer wanted contact with Chin.

Chin's lawyer, Jimmie Sparrow, told a Star-Banner reporter that his client was happy to learn of the state's decision.

"We appreciate the state's time to investigate the case and the evidence and we believe the outcome is exactly what should've happened," Sparrow said.

The attorney said Chin, who was released from jail on $5,000 bond not long after his arrest, is doing fine. As for what's next for Chin, Sparrow said his client wants to "put this behind him" and "is looking forward to moving on with his life."

Though the former officer still has his law enforcement certificate, Sparrow said, "at this point he's keeping his options open."

Chin was hired two years ago. His supervisors said he was a good police officer who was proactive, served on the SWAT Team, and received commendations. Before he was terminated, he had been suspended with pay pending the outcome of the investigation.

## Background of the case

Chin, 27, was taken into custody in mid-August after an investigation by Marion County Sheriff's Office officials. In July, deputies had received information that Chin reportedly threatened to shoot up the victim's residence. The victim was identified as a sheriff's deputy.

The victim described Chin as a former boyfriend who, though not physically violent toward her, had once been verbally abusive. The two had dated for about a year, officials said.

She talked about an incident where where Chin allegedly called and knocked on a window of her home. There was a recording of Chin threatening violence, according to his arrest affidavit.

Authorities were told about other instances of reported aggressive behavior toward the victim. Some of that involved text messages and phone calls, according to Chin's arrest report.

During his client's first court appearance, Sparrow told the court that the victim had not reported the incidents and told Chin that he was under investigation. According to the arrest report, an Ocala Police Department employee had approached another employee concerning Chin and the victim.

Sheriff's office officials are currently conducting two internal affairs investigations, but by law they cannot comment on the nature of those investigations, or who is involved, until the reviews are concluded.

*Contact Austin L. Miller at austin.miller@starbanner.com.*

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☑ Yes

☑ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No

E. If you did file a grievance:

1. Where did you file the grievance?

    Public Defender

2. What did you claim in your grievance?

    Cruel and Unusual Punishment

3. What was the result, if any?

    THEY NEVER RESPOND HAVE HEARD FROM THEM SPEEDY TRIA VIOLATION (FAST TRACK NONE)

4. What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

    N/A

F. If you did not file a grievance:

1. If there are any reasons why you did not file a grievance, state them here:

   No use in continuation filing grievances No Responses

2. If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

    Public Defender

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

   N/A

   (Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes
☒ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

N/A

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes
☒ No

B. If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)

1. Parties to the previous lawsuit
   Plaintiff(s) __N/A__
   Defendant(s) __N/A__

2. Court (if federal court, name the district; if state court, name the county and State)
   __N/A__

3. Docket or index number
   __N/A__

4. Name of Judge assigned to your case
   __N/A__

5. Approximate date of filing lawsuit
   __N/A__

6. Is the case still pending?
   ☐ Yes
   ☒ No
   If no, give the approximate date of disposition. _____

7. What was the result of the case? (For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)
   __N/A__

C. Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

- [ ] Yes
- [x] No

D. If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit

    Plaintiff(s) ___N/A___

    Defendant(s) ___N/A___

2. Court *(if federal court, name the district; if state court, name the county and State)*

    ___N/A___

3. Docket or index number

    ___N/A___

4. Name of Judge assigned to your case

    ___N/A___

5. Approximate date of filing lawsuit

    ___N/A___

6. Is the case still pending?

    - [ ] Yes
    - [x] No

    If no, give the approximate date of disposition ___N/A___

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

    ___N/A___

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## IX. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 1/1/24

Signature of Plaintiff: *Kenneth A Mills*
Printed Name of Plaintiff: KENNETH A MILLS
Prison Identification #: 000835
Prison Address: 3290 NW 10 ST, OCALA, FL 34475

### B. For Attorneys

Date of signing: N/A
Signature of Attorney: N/A
Printed Name of Attorney: N/A
Bar Number: N/A
Name of Law Firm: N/A
Address: N/A
Telephone Number:
E-mail Address:

Page 11 of 11